UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORINE GOLDBERG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE INC., et al., <br><br> Defendants. | Case No. 19-cv-02398-HSG <br><br> **ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE** <br><br> Re: Dkt. No. 2 |

On May 2, 2019, Plaintiffs Florine Goldberg and the Estate of Stephen Goldberg, as beneficiaries of the Goldberg Family Trust, filed this complaint against Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and Quality Loan Service Corporation ("Quality Loan"), alleging fourteen causes of action, all of which relate to a mortgage on a property located at 2177 Magnolia Pond Court, Henderson, Nevada 89052 ("Subject Property"). *See* Dkt. No. 1 ("Compl.") at 2. The same day, Plaintiffs filed the pending application for a temporary restraining order. *See* Dkt. No. 2 ("Mot."). The motion purportedly seeks: (1) "to enjoin Defendant Wells Fargo from foreclosing on the Property"; and (2) "to enjoin Defendants from bringing claims for money against Plaintiffs, including late fees and foreclosure fees." *Id.* at 8. For the following reasons, the Court **DENIES** Plaintiffs' motion.[1]

## I. BACKGROUND

This is not Plaintiffs' first case against Defendants related to the Subject Property. Last year, Plaintiffs filed a complaint and sought an *ex parte* temporary restraining order against Defendants in the U.S. District Court for the District of Nevada. *See Goldberg v. Wells Fargo*

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

*Home Mortg., Inc.*, No. 2:18-cv-01053-JCM-NJK (D. Nev. June 11, 2018) (*Goldberg I*), ECF No. 1 ("Nevada Compl."); *Goldberg I*, ECF No. 2 ("Nevada Mot."). That action, in part, sought to restrain Defendants from completing a foreclosure sale that was scheduled to occur two days after the complaint's filing. *See* Nevada Mot. at 1. The next day, that court denied Plaintiffs' motion on procedural grounds. *See Goldberg I*, ECF No. 14. By the time Plaintiffs moved for reconsideration, the foreclosure date had passed, and thus the court found it could no longer "grant plaintiffs their requested relied" concerning the temporary restraining order and denied the motion for reconsideration. *See Goldberg I*, ECF 20 ("Plaintiffs' motion asks the court to restrain a foreclosure sale that was set to occur on June 13, 2018, at 9:00 am. That date has since passed."). Plaintiffs in that action ultimately sought voluntary dismissal of the action without prejudice, which the court granted on January 9, 2019. *See Goldberg I*, ECF Nos. 73–74.

Nearly five months later, Plaintiffs bring this suit. Neither the complaint nor the pending motion cites or otherwise calls to the Court's attention the Nevada action. And yet, the complaints in the two actions set forth nearly identical factual allegations. The only material factual difference is that the Nevada action and motion for a temporary restraining order was brought before the allegedly wrongful foreclosure sale. As to the causes of action, Plaintiffs here assert new causes of action under California Civil Code 2923.1, the Truth in Lending Act, and for quiet title. *See* Compl. at 17–19, 32–34. Most of the present causes of action, however, are previously alleged violations of Nevada law repackaged as violations of California law. *Compare* Nevada Compl. ¶¶ 112–21 (alleging a breach of the covenant of good faith and fair dealing under Nevada law), *with* Compl. at 21–22 (repackaging the claim as now arising under California law); *compare* Nevada Compl. ¶¶ 135–39 (alleging a violation of Nevada's unfair and deceptive trade practices law), *with* Compl. at 24–27 (repackaging the claim as a violation of California's Unfair Competition Law ("UCL"), and then separately adding another UCL claim); *compare* Nevada Compl. ¶¶ 140–48 (alleging intentional infliction of emotional distress under Nevada law), *with* Compl. 27–29 (repackaging the claim as violating California law); *compare* Nevada Compl. ¶¶ 149–55 (alleging negligent infliction of emotional distress under Nevada law), *with* Compl. at 29–30 (repackaging the claim as violating California law); *compare* Nevada Compl. ¶¶ 156–67

(alleging unjust enrichment claim under Nevada law), *with* Compl. at 30–32 (repackaging the claim as violating California law).

**II.     MOTION FOR TEMPORARY RESTRAINING ORDER**

   **A.     Legal Standard**

The standard for issuing a temporary restraining order and issuing a preliminary injunction are substantially identical. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Either is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs seeking preliminary relief must establish: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Id.* Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

   **B.     Discussion**

The Court finds that Plaintiffs have not adequately alleged that they are likely to suffer irreparable harm in the absence of preliminary relief that would warrant the "extraordinary remedy" of a temporary restraining order. *See Winter*, 555 U.S. at 20. For one, Plaintiffs purport to seek "to enjoin Defendant Wells Fargo from foreclosing on the Property," but there is no alleged foreclosure looming over the Subject Property. In fact, Plaintiffs admit that the June 13, 2018 foreclosure sale was cancelled. Compl. at 12.[2] There is no other foreclosure sale mentioned

---

[2] In filings in *Goldberg I*, Plaintiffs admitted that the foreclosure sale was cancelled because Plaintiffs reinstated the loan. *See Goldberg I*, ECF No. 60 at 5 (seeking leave to amend

3

in the complaint, and thus no foreclosure—to the Court's knowledge—to enjoin. And while Defendants claim that they have been wrongfully charged improper fees *in the past*, Plaintiffs do not allege any threat of *future* fees that would warrant a temporary restraining order. *See* Mot. at 10 (claiming Plaintiffs "have suffered and continue to suffer irreparable harm as a result of Defendants' actions," because "Defendants have wrongfully charged Plaintiffs Improper Fees as a result of the wrongful foreclosure").

Because there is no showing that irreparable harm is likely if preliminary relief is not granted, the Court need not address the other *Winter* factors. On this basis alone, the Court **DENIES** Plaintiffs' motion.

## III. VENUE

The Subject Property is a house located in Henderson, Nevada, which is located in the District of Nevada. The complaint nevertheless alleges that venue is proper pursuant to 28 U.S.C. § 1391(b)(3), because "Defendant Wells Fargo Bank, N.A." is purportedly "headquarted in San Francisco." Compl. at 3.[3] Section 1391(b)(3), however, is a fallback provision for cases where "there is no district in which an action may otherwise be brought." Plaintiffs have themselves admitted, however, that venue is otherwise proper in the District of Nevada under 28 U.S.C. § 1391(b)(2). *See* Nevada Compl. ¶ 9 ("Venue is proper in the District of Nevada under 28 U.S.C. § 1391(b)(2), as (1) this is a civil action in which a substantial part of the events or omissions giving rise to the claim occurred and (2) the property that is the subject if [sic] the action is situated in this judicial district."). Given that there is a proper venue under Section 1391(b)(2), the Court sees no reason why Plaintiffs can rely on Section 1391(b)(3) as a fallback.[4]

//

---

complaint) ("Material facts have changed since Plaintiffs first filed the action. The new information, namely, the fact that Defendant Wells Fargo has rescinded the Notice of Default and cancelled the anticipated foreclosure sale, is important to the issue at hand.").

[3] Plaintiffs actually state that "[v]enue is proper in the Central District of California," but the Court overlooks that as a drafting error. *See* Compl. at 3.

[4] Nor does it appear that venue would be proper under Section 1391(b)(1). Although the complaint avers that "Defendant Wells Fargo Bank, N.A." is "headquartered" in California, that entity is not named as a defendant in the complaint. The complaint alleges that the Defendant actually named, "Wells Fargo Home Mortgage, Inc." "has its principle [sic] place of business in Des Moines, Idaho [sic]." *See* Compl. at 3.

4

## IV. CONCLUSION

Plaintiffs' pending *ex parte* application for a temporary restraining order is **DENIED**.[5] In addition, it appears that Plaintiffs' complaint should be dismissed due to improper venue, without prejudice to Plaintiffs filing a complaint in another district where venue is proper. Given this apparent defect, Plaintiffs are **ORDERED TO SHOW CAUSE** why this action should not be dismissed, or at a minimum transferred to the U.S. District Court for the District of Nevada, pursuant to 28 U.S.C. § 1406(a). Plaintiffs may do so by both filing with the Court and serving on Defendants a brief of no more than five pages. Any such brief must be filed and served within seven calendar days of the date of this order. Failure to show cause will result in dismissal.

**IT IS SO ORDERED.**

Dated: 5/3/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[5] Plaintiffs are directed to serve the Defendants with the TRO motion and this order within seven days of the calendar date of this order.

5